UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 2:18-cr-54-SPC-KCD

DANIELLE HALLMON
                                                    /

## ORDER

Before the Court are Defendant Danielle Hallmon's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (Doc. 117), the United States Probation Office's Memorandum (Doc. 119), and Defendant's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 124). Defendant is serving a 121-month sentence for drug related offenses. Defendant is eligible, however, for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821.

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points

under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range and/or the Court departed from the guideline range under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b), and a comparable departure is authorized under U.S.S.G. § 1B1.10(b)(2)(B). Probation's Memorandum says Defendant meets all three, and a review of the record confirms so.

The Court originally calculated Defendant's total offense level to be 35 and her criminal history category to be IV, which translated to an advisory guidelines range of 235 to 293 months. But the Court granted the Government's motion for a six-level reduction under § 5K1.1 and sentenced Defendant to 121 months of imprisonment.

Defendant's recalculated criminal history is level III under the amended guidelines (the total offense level remains unchaned). The new criminal history category would render a guidelines range of 210 to 262 months. The parties recommend that the Court grant Defendant a comparable downward departure under Amendment 821 and sentence her to 108 months of imprisonment.

In her *pro se* Motion, Defendant explains that she has worked hard to maintain her sobriety and has completed many courses and vocational

training, and she asks the Court to consider these factors. Notably, Defendant does not invoke 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release," and her counsel does not mention compassionate release in the Unopposed Motion. But based on Defendant's statements in her *pro se* Motion, the Court has nonetheless considered her eligibility for compassionate release in an abundance of caution. Defendant has not shown that she fully exhausted her administrative remedies as the statute requires, and even if she had, she has not shown that extraordinary and compelling reasons support a sentence reduction on these grounds. So, to the extent Defendant moves for a reduced sentence based on compassionate release, the Court denies that portion of her request.

After considering Probation's Memorandum and the parties' recommendation against the record and applicable law, the Court will reduce Defendant's sentence by thirteen months under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821. The Court thus grants Defendant's Unopposed Motion.

Accordingly, it is

**ORDERED**:

Defendant Danielle Hallmon's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. [§] 3582(c)(2) and Amendment 821 to the Federal

3

Sentencing Guidelines (Doc. 117) is **GRANTED IN PART AND DENIED IN PART** to the extent stated in this Order.

1. Defendant Danielle Hallmon's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 124) is **GRANTED.**

2. Defendant Danielle Hallmon's sentence is reduced to either 108 months of imprisonment or time served, whichever is greater. This Order is effective **November 4, 2024**.

**DONE and ORDERED** in Fort Myers, Florida on October 21, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

4